UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

JOELLE SKAF,

Plaintiff,

-v-

GOOGLE, LLC,

Defendant.

---------------------------------------------------------------------X

25-CV-6029 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

On July 29, 2026, the Court filed an Opinion and Order — familiarity with which is presumed — that granted in part and denied in part the partial motion to dismiss Plaintiff Joelle Skaf's claims filed by Defendant Google, LLC ("Google"). *See Skaf v. Google LLC*, No. 25-CV-6029 (JMF), 2026 WL 2185588, at *9 (S.D.N.Y. July 29, 2026) (ECF No. 35). As relevant here, the Court dismissed Skaf's claim under Section 740 of the New York Labor Law for two reasons: first, that she failed to plausibly allege that her complaints about Google's actions were based on a reasonable belief that it was violating either the U.N. Genocide Convention or the Proxmire Act, a U.S. law that prohibits genocide (and incitement to commit genocide); and second, that she failed to plausibly allege that she put Google on notice that she believed it was violating the law. *See id.* at *8-9. On August 12, 2026, Skaf filed a motion for reconsideration of that ruling. *See* ECF No. 39 ("Pl.'s Mem."). Google opposes the motion. *See* ECF No. 42.

"It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners,*

*L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). Measured against that "strict" standard, Skaf's motion falls far short, substantially for the reasons set forth in Google's opposition. The closest Skaf comes to identifying a decision that the Court overlooked is her citation to *In re South African Apartheid Litigation*, 617 F. Supp. 2d 228 (S.D.N.Y. 2009). *See* Pl.'s Mem. 6-7. But that decision, by another district court, is plainly not "controlling." Moreover, it is questionable whether it even accurately states current law given the Second Circuit's subsequent decision in *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244 (2d Cir. 2009). *See id.* at 259 (holding that "the *mens rea* standard for aiding and abetting liability in [Alien Tort Statute] actions is purpose rather than knowledge alone"). Finally, Skaf's allegations do not even pass muster under the standard set in *In re South African Apartheid Litigation*, as the First Amended Complaint does not plausibly allege that Skaf disclosed (or threatened to disclose) a belief, let alone a reasonable belief, that Google "kn[e]w" that its actions would "substantially assist" the commission of genocide. 617 F. Supp. 2d at 262; *see Skaf*, 2026 WL 2185588, at *8 ("[T]o qualify as protected activity, a complaint must be based on a reasonable belief that the employer is violating a law, rule, or regulation. That standard contains both subjective and objective components. That is, plaintiff must show not only that he believed that the conduct constituted a violation, but also that a reasonable person in his position would have believed that the conduct constituted a violation." (cleaned up)).

The Court has considered all of Skaf's arguments and finds them to be without merit. Accordingly, her motion for reconsideration must be and is DENIED.

The Clerk of Court is directed to terminate ECF No. 38.

SO ORDERED.

Dated: August 26, 2026
New York, New York

JESSE M. FURMAN
United States District Judge